TGX CORP., Plaintiff,

v.

Gloria Annette Turner SIMMONS, et al., Defendant–Appellants, Cross–Appellees,

v.

GREENWICH INSURANCE COMPANY, et al., Defendants–Appellees, Cross–Appellants.

Gaylon D. SIMMONS, et al., Plaintiffs–Appellants, Cross–Appellees,

v.

J.C. TEMPLETON, et al., Defendants–Appellees, Cross–Appellants.

No. 92–3375.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1995.

Ewell E. Eagan, Jr., C. Peck Hayne, Jr., Gordon, Arata, McCollam & Duplantis, New Orleans, LA, F. Henri Lapeyre, Jr., Lapeyre, Terrell & Randazzo, New Orleans, LA, for Gaylton D. Simmons and Gloria Annette Turner Simmons.

Scott R. McIntosh, Barbara C. Biddle, Appellate Staff, Civ. Div., Justice Dept., Washington, DC, Paul Gonson, Sol., Securities & Exchange, Jacob H. Stillman, Associate Gen. Counsel, Washington, DC, for Intervenor–USA.

James M. Garner, McGlinchey, Stafford, Cellini & Lang, J. Forrest Hinton, Martha

M. Young, New Orleans, LA, for Greenwich Ins. Co.

Harold B. Carter, Jr., Stephen Williamson, Patrick O'Keefe, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for J.C. Templeton.

Julie E. Schwartz, Liskow & Lewis, New Orleans, LA, Donald C. Templin, Phillip Philbin, Leila D'Aquin, Haynes & Boone, Dallas, TX, for BDO Seidman.

Henri Wolbrette, III, McGlinchey, Stafford, Cellini & Lang, New Orleans, LA, for Continental Ins.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

Before POLITZ, Chief Judge, REAVLEY and BARKSDALE, Circuit Judges.

PER CURIAM:

The district court's judgment was originally reversed by this court. *Pacific Mut. Life Ins. Co. v. First RepublicBank Corp.*, 997 F.2d 39 (5th Cir.1993). Our judgment was vacated by the Supreme Court. In light of *Plaut v. Spendthrift Farm, Inc.*, —— U.S. ——, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995), we now affirm the judgment of the district court.

Appellants argue that our case is distinguishable from *Plaut* because the district court dismissal of their claims was without prejudice. We believe that *Plaut* turned not on the fact that the judgments Congress chose to set aside through retroactive legislation were with prejudice, but on the fact that they were *final* judgments. The opening sentence of *Plaut* so posed the Court's constitutional inquiry. *Id.* at ——, 115 S.Ct. at 1450. The Court found a violation of the separation of powers because Congress, by enacting § 27A, was "retroactively commanding the federal courts to reopen final judgments...." *Id.* at ——, 115 S.Ct. at 1453. The Court further reasoned that "[h]aving achieved finality, however, a judicial decision becomes the last word of the judicial depart-

ment with regard to a particular case or controversy, and Congress may not declare by retroactive legislation that the law applicable *to that very case* was something other than what the courts said it was.... The separation-of-powers violation here ... consists of depriving judicial judgments of the conclusive effect that they had when they were announced...." *Id.* at ——, 115 S.Ct. at 1457 (emphasis in original).

We believe that the district court intended to enter and did enter a final judgment because it found that the federal claims were time barred. *See Pacific Mutual,* 997 F.2d at 43. We specifically concluded in our prior appeal that "[e]ach of the defendants in these cases ... possessed final, nonappealable judgments dismissing the plaintiffs' § 10(b) claims." *Id.* at 46.

It is true that the district court accommodated appellants by deleting the term "with prejudice" from the judgment. The judgment without prejudice does not operate as res judicata. The claim could be pursued again in a new action. To obtain the relief Congress granted, however, plaintiffs had to reinstate the former action, and this is what the Supreme Court forbids.

AFFIRMED.